UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE E. EREDIA,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. EDCV 12-2010 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.   SUMMARY**

On November 28, 2012, plaintiff Shane E. Eredia ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 3, 2012 Case Management Order ¶ 5.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 11, 2007, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 25, 149). Plaintiff asserted that he became disabled on November 1, 2005, due to lower back injury, a sleeping disorder, pain, and migraine headaches. (AR 176). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on March 5, 2010. (AR 43-92).

On June 10, 2010, the ALJ determined that plaintiff was disabled for the closed period of January 1, 2006 through December 31, 2007, and that, due to medical improvement, plaintiff was not disabled from January 2, 2008, through the date of the decision. (AR 25). The ALJ also found that beginning on January 2, 2008: (1) plaintiff suffered from the following severe combination of impairments: status post laminectomy, interbody fusion and placement of bilateral pedicle screws due to herniated nucleus pulposus of the L4-L5 and L5-S1 level with right leg radiculopathy, lumbar degenerative disc disease, and a depressive disorder (AR 28-29); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 32); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 32-33); (4) plaintiff could not perform his past relevant work (AR 36); (5) there are jobs

---

[2]The ALJ determined that plaintiff: (1) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) could stand and/or walk for four hours in an eight-hour day; (3) could sit for six hours in an eight-hour day; (4) could occasionally climb ladders, ropes, scaffolds, ramps and stairs; (5) could occasionally balance, stoop, kneel, crouch and crawl; (6) needed to avoid heights and hazards; and (7) was limited to simple work. (RT 32-33).

that exist in significant numbers in the national economy that plaintiff could perform, specifically counter clerk, cashier II, and conveyor belt bakery worker (AR 36-37); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 33).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III.  APPLICABLE LEGAL STANDARDS

#### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

///

|   |     |                                                                                       |
|---|-----|---------------------------------------------------------------------------------------|
| 1 |     | Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If                |
| 2 |     | not, proceed to step four.                                                            |
| 3 | (4) | Does the claimant possess the residual functional capacity to                         |
| 4 |     | perform claimant's past relevant work?  If so, the claimant is                        |
| 5 |     | not disabled.  If not, proceed to step five.                                          |
| 6 | (5) | Does the claimant's residual functional capacity, when                                |
| 7 |     | considered with the claimant's age, education, and work                               |
| 8 |     | experience, allow the claimant to adjust to other work that                           |
| 9 |     | exists in significant numbers in the national economy?  If so,                        |
| 10|     | the claimant is not disabled.  If not, the claimant is disabled.                      |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

1   To determine whether substantial evidence supports a finding, a court must
2   "'consider the record as a whole, weighing both evidence that supports and
3   evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.
4   Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d
5   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
6   or reversing the ALJ's conclusion, a court may not substitute its judgment for that
7   of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.   DISCUSSION

Plaintiff contends that the ALJ failed properly to assess the opinions of plaintiff's treating physician, Dr. Michael Esposito, expressed in a June 6, 2008 Orthopedic Supplemental Report (AR 507-09) ("June 6 Opinions"), a June 19, 2009 Lumbar Spine Residual Functional Capacity Questionnaire (AR 537-40) ("June 19 Opinions"), and a March 9, 2010 Lumbar Spine Residual Functional Capacity Questionnaire (AR 555-58) ("March 9 Opinions") and materially erred in attributing to Dr. Esposito, the opinions of another doctor contained in a June 23, 2009 Mental Impairment Questionnaire (AR 512-15) ("June 23 Opinions"). (Plaintiff's Motion at 10-15).  The Court agrees.  As the Court cannot find that the ALJ's errors were harmless, a remand is warranted.

### A.   Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is

entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

When they are properly supported, the opinions of physicians other than treating physicians, such as examining physicians and nonexamining medical experts, may constitute substantial evidence upon which an ALJ may rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested

on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

**B. Analysis**

The ALJ's reasons for rejecting the opinions of plaintiff's treating physician were not legally sufficient. As the Court cannot find such errors harmless, a remand is warranted.

First, although the ALJ attributes the June 23 Opinions to Dr. Esposito, such opinions were, in fact, provided by an entirely different treating source (*i.e.*, Dr. N. De Los Reyes). (AR 515). The ALJ's incorrect characterization of the medical evidence calls into question the validity of both the ALJ's evaluation of Dr. Esposito's opinions and the ALJ's decision as a whole. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

Second, the ALJ did not properly account for significant limitations in plaintiff's functional abilities identified by Dr. Esposito in the June 6 and June 19 Opinions. For example, the ALJ properly rejected certain isolated statements in the June 6 and June 19 Opinions about issues reserved to the Commissioner. (AR 35) (citing Exhibit 20F at 2 [AR 508] (plaintiff "will have fixed long term disability"); Exhibit 24F at 9 [AR 540] (plaintiff is "unable to sustain gainful employment")); see Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008) ("[The] determination of a claimant's ultimate disability is reserved to the Commissioner . . . a physician's opinion on the matter is not entitled to special significance."); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) ("Although a treating physician's opinion is generally afforded the greatest weight

in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.") (citation omitted).  The ALJ failed, however, to address significant other limitations identified in the same reports.  In the June 6 Opinions Dr. Esposito states that plaintiff "appears to have moderate difficulties with activities of daily living even with simple sedentary activities."  (AR 508).  In the June 19 Opinions, Dr. Esposito states that plaintiff: (i) could walk only one city block without rest or severe pain; (ii) could sit or stand for only 15 minutes at one time; (iii) could sit, stand and/or walk for a total of "less than 2 hours" per day; (iv) needed to walk around for three minutes out of every hour; (v) needed a job where he could shift positions at will; (vi) could only occasionally lift less than 10 pounds; and (vii) could never twist.  (AR 539-40). The ALJ did not include such limitations in the residual functional capacity assessment for plaintiff or in the hypothetical question posed to the vocational expert.  The ALJ's failure to account for such significant and probative medical opinion evidence was legal error.  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation when he rejects "significant probative evidence.") (citation omitted).

       Third, similarly, although the ALJ provided specific, legitimate reasons for rejecting Dr. Esposito's assertion in the March 9 Opinions that plaintiff would miss "more than four days of work per month," (AR 35) (citing Exhibit 26F at 5 [AR 558]), the ALJ did not mention Dr. Esposito's opinions in the same report that plaintiff could sit or stand for only 15 minutes at a time, could sit, stand or walk for "less than 2 hours" per day, needed to walk around for three minutes every hour, needed to shift positions at will, could only occasionally lift less than 10 pounds, and could never twist.  (AR 35, 557-58).  Again, the ALJ's failure to account for such significant and probative medical opinion evidence was legal error.  Vincent, 739 F.2d at 1394-95 (citation omitted).

///

1    Finally, considering that Dr. Esposito essentially concluded that plaintiff
2    would be unable to do even sedentary work, this Court cannot conclude that the
3    vocational expert would have opined (or that the ALJ relying upon such opinion
4    would have determined) that plaintiff could perform work which exists in
5    significant numbers in the national economy if the ALJ had included in the
6    hypothetical question the significant functional limitations identified by Dr.
7    Esposito in the June 6, June 19 and March 9 Opinions but not addressed in the
8    ALJ's decision.  Therefore, the Court cannot find that the ALJ's errors were
9    harmless.
10   Accordingly, this case must be remanded to permit the ALJ properly to
11   consider the medical opinion evidence.

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 24, 2013

                                                    /s/
                         Honorable Jacqueline Chooljian
                         UNITED STATES MAGISTRATE JUDGE

---

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).